**Ina Ruth MILLER, Plaintiff,**

v.

**REGENCY MARITIME CORPORATION, Defendant.**

**Civ. A. No. 92–30055/LC.**

United States District Court, N.D. Florida, Pensacola Division.

May 12, 1992.

Robert J. Young, Jr., New Orleans, LA, J. Dixon Bridgers, III, Pensacola, FL, for plaintiff.

Nathaniel G.W. Pieper, Tampa, FL, Robert P. Gaines, Pensacola, FL, for defendant.

### ORDER OF TRANSFER

COLLIER, District Judge.

This cause is before the Court on Defendant's motion to dismiss for improper venue, or in the alternative, to transfer (doc. 9). Defendant insists the motion should be granted based on a forum-selection clause which appeared in Plaintiff's cruise ship passage contract; i.e. her ticket. The clause expressly provides that all causes of action arising out of the contract shall be brought in the State of New York. Plaintiff claims the clause is invalid based upon the particular facts of this case, specifically her physical and financial inability to maintain suit in New York, the Defendant's substantial contacts with the state of Florida and the location of medical witnesses, a lack of notice, her inability to reject the clause without penalty, and Defendant's attempt to use the clause to avoid or somehow diminish her right to a trial. (doc. 15).

On August 1, 1991, Plaintiff purchased, through a ticket agency in Louisiana, a ticket for a seven day cruise from Montreal to New York aboard the M/V Regent Sun, a ship owned and operated by the Defendant. During the cruise the Plaintiff fell aboard ship and sustained a serious hip injury. She then initiated a suit for damages in this Court, apparently based on her assumption that the forum-selection was invalid.

The enforcement of a routine forum-selection clause contained in a contract for carriage of persons on the sea, such as the one in the instant case, is governed by the Supreme Court's decision in *Carnival Cruise Lines v. Shute*, 499 U.S. ——, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). In *Shute*, the passengers argued that forum-selection clauses are per se invalid because they are inherently non-negotiable. *Id.* 499 U.S. at ——, 111 S.Ct. at 1527, 113 L.Ed.2d at 632. Rejecting this argument, the Supreme Court held that such clauses are permissible and may be upheld, provided they are scrutinized to insure fundamental fairness. *Id.* at ——, 111 S.Ct. at 1528, 113 L.Ed.2d at 633. In the instant case, Plaintiff insists that, as applied to the particular facts of her case, the clause is indeed fundamentally unfair.

### A. *Serious Inconvenience*

■ Plaintiff claims that because of her injury aboard ship, she is physically, as well as financially, incapable of traveling to New York to pursue this action. She has filed a letter from her doctor in support of this assertion (doc. 15/exhibit A); however, the exhibit is not signed under oath, and therefore will not be a factor in the Court's consideration of this case. In any event, even if the exhibit was in affidavit form, the Court would remain unpersuaded because Plaintiff's argument concerning her physical and financial difficulties is misplaced.

Plaintiff's argument relies almost exclusively on the Supreme Court's decision in *The Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In *The Bremen*, the Supreme Court discusses the "serious inconvenience" a party may face in having to maintain suit in a particular forum, and suggests that such inconvenience be considered by a court when determining whether the clause is in fact reasonable. *Id.* at 17, 92 S.Ct. at 1917. In support of this decision, Plaintiff refers the Court to certain language in *Shute* which she claims adopts the reasoning of *The Bremen* and requires courts to afford considerable weight to the issue of "serious inconvenience."

Albeit unintentional, Plaintiff has misguided this Court. By selecting only bits and pieces of certain language and neglecting to reflect on the context in which it was written, she has clearly misinterpreted the Supreme Court's language in *Shute*. The Plaintiff must have simply ignored the Supreme Court's admonishment of the Court of Appeals for engaging in the same careless reading of *The Bremen*:

> Furthermore, the Court of Appeals did not place in proper context this Court's statement in The Bremen that 'the serious inconvenience of the contractual forum to one or both of the parties might carry greater weight in determining the reasonableness of the forum clause.'

*Shute*, 499 U.S. at ——, 111 S.Ct. at 1528, 113 L.Ed.2d at 632. The Supreme Court went on to clarify the circumstances surrounding its earlier statement by pointing out that, unlike the facts in *Shute*, the statement in *The Bremen* was made in evaluation of a hypothetical "'agreement between two Americans to resolve their essentially local disputes in a remote alien forum.'" *Id.* The Supreme Court then explained the distinction by noting that Florida, the forum in question in *Shute*, is not a 'remote alien forum' such as the one in *The Bremen*, and that the dispute in *Shute* was not essentially local in nature as it was in *The Bremen*, given that the accident in *Shute* occurred in waters off the coast of Mexico. *Id.* 499 U.S. at —— ——, 111 S.Ct. at 1527–28, 113 L.Ed.2d at 632–33.

Despite Plaintiff's assertions to the contrary, the facts in *Shute* are not wholly unrelated to those of the instant case. Here, as in *Shute*, we have a routine forum-selection clause contained in a cruise ship ticket, an accident which occurred aboard a cruise ship while in international waters, and an injured plaintiff who professes to be unable to maintain suit in another forum. Nevertheless, despite the factual similarities, there are a few noteworthy distinctions; however, these distinctions do not render the clause fundamentally unfair.

### B. *Notice*

■ Although the issue of notice to the passenger of the forum-selection clause was

not of great concern to the Supreme Court in *Shute*, the tone of the case, nevertheless, suggests that notice is required. *Id.* at ——, ——, 111 S.Ct. at 1526, 1528, 113 L.Ed.2d at 630, 633. Here, in an affidavit attached to her complaint, Plaintiff disputes the issue of notice, claiming that although she recalls having received and examined her ticket of passage, she does not remember having ever seen any mention of the fact that all claims against the Defendant must be brought in the State of New York and within six months after such claim arose (doc. 2/affidavit of Ina Ruth Miller). Furthermore, she claims that had she read the forum-selection clause, she would have understood it to mean only that the laws of the State of New York would apply to any claim for damages, not that suit would have to be physically filed in New York.

Plaintiff concedes the fact that actual notice need not be given; however, she insists the reasonableness of the notice must be considered. The Court agrees, but at the same time, notes that this requires only that the cruise line provide the passenger with "reasonably adequate notice" that the limit [forum-selection clause] existed and formed part of the passenger contract." *Nash v. Kloster Cruise A/S*, 901 F.2d 1565, 1566 (11th Cir.1990).

Here, every page of plaintiff's ticket, including the first page, contained the following language:

IMPORTANT NOTICE

READ BEFORE ACCEPTING: Please read carefully the terms of this ticket contract beginning at page 1 and continuing through page 6. The terms are an integral part of the contract between passengers and the carrier. In accepting this contract you agree to the terms. Attention is particularly drawn to the carrier's right to exemption and limitation of liability and the passengers attention is further directed to Clause 5 which sets forth limitation periods in which notification of claim is to be made and suit commenced.

The words "IMPORTANT NOTICE" are in red-type and easily distinguishable from the rest of the wording. In addition, the type is not of such small print as to be considered inconspicuous or unlawful in nature. The Court, therefore, concludes that Plaintiff had reasonably adequate notice of the forum-selection clause contained in her ticket. *See Carpenter v. Klosters Rederi A/S*, 604 F.2d 11, 13 (5th Cir.1979) ("... The failure or inability of the passenger to read his ticket does not preclude his being bound by such conditions or limitations, provided they are not unlawful in content.").

As to the Plaintiff's contention that the express wording of the clause failed to apprise her of its limiting effect, the Court is unpersuaded. The clause stated that "[t]he Federal and/or State courts, in the County of New York, State of New York shall have exclusive jurisdiction with respect to any cause of action arising out of or related in any way to this contract or the carriage by carrier of the passengers on the vessel." In the Court's opinion, this wording is unambiguous and sufficient to apprise a layperson of its intended meaning.

### C. *Plaintiff's Right to Reject Without Impunity*

■ This is the one distinction which causes the Court some concern. In *Shute*, the Supreme Court hinted that a party's inability to reject his or her ticket without loss because of a limitation contained therein should be considered. *Shute*, 499 U.S. at ——, 111 S.Ct. at 1528, 113 L.Ed.2d at 633. Here, the Defendant has a cancellation policy which provides for forfeiture of a certain percentage of the ticket price in the event of a cancellation. The percentage forfeited increases as the time for departure decreases. Plaintiff purchased her ticket on August 1, 1991, but did not actually receive it from the Defendant until on or about September 1, 1991, approximately twenty days before departure. Under these circumstances, had Plaintiff desired to reject the ticket based on the forum-selection clause, she would have forfeited forty-percent of the cost of her ticket. This alone, however, does not invalidate the clause, and there is no evidence to suggest that Defendants waited to mail Plaintiff's ticket until such time as she would suffer if she chose to cancel.

**204**

### D. *Defendant's Alleged Bad Faith*

██ Plaintiff contends the Defendants used the forum-selection clause "in a deliberate attempt to lessen, weaken or avoid her [Plaintiff's] right to a trial" (doc. 15). There is conflicting evidence on this point. Plaintiff has submitted her own affidavit claiming that Heather Hardy, Defendant's employee, attempted to coerce Plaintiff into dropping her suit against the cruise line by threatening to enforce the clause which would move the case to New York, a place with extremely over-crowded court dockets (doc. 2/affidavit of Ina Ruth Miller). Defendant counters this allegation of bad faith with an affidavit by Heather Hardy in which Ms. Hardy admits having spoken to the Plaintiff over the telephone, but denies having ever used the clause "as a means of discouraging a cruise passenger from pursuing a legitimate claim" (doc. 9/affidavit of Heather L. Hardy).

Were the Court to accept Plaintiff's version of the facts as true, it would, nevertheless, find dismissal proper because this does not, in and of itself, prove that Defendants selected New York as the forum for resolving disputes between the cruise line and its passengers solely as a means of discouraging those passengers from pursuing their claims. The Court must also take judicial notice of the fact that Defendant has its principal place of business in New York and that a substantial number of its cruises depart from and return to New York ports. These are perfectly legitimate reasons for selecting New York as the forum of choice for litigation, and they belie any allegation of bad faith. *See id.* 499 U.S. at ——, 111 S.Ct. at 1528, 113 L.Ed.2d at 633.

After careful examination of the pleadings and relevant authority, this case seemed appropriate for dismissal under FED.R.CIV.P. 12(b)(3) for improper venue. However, 28 U.S.C. § 1406 permits a court to transfer, rather than dismiss, a case filed in the wrong district if justice so requires. In the instant case, were the Court to dismiss Plaintiff's suit for improper venue, Plaintiff would be without access to the courts because of the clause contained in the ticket which limits the time for suit to six months from the date the claim arose. For this reason, the Court finds

that justice would best be served by transferring this case to the New York courts.

Finally, Plaintiff's arguments concerning the Defendant's substantial contacts with the State of Florida and the location of medical witnesses are more appropriate for consideration before the transferee court than before this Court. As illogical as it may sound, Plaintiff will now be forced to pursue a forum non conveniens argument before a New York District Court in an effort to transfer the case back to Florida.

The clerk is hereby directed to transfer this case to the United States District Court for the Southern District of New York.

**ORDERED.**