Urvashi **BHATNAGAR**, an Infant by her Mother and Natural Guardian, Kaplana **BHATNAGAR**, and Kaplana Bhatnagar, Individually

v.

**SURRENDRA OVERSEAS LIMITED,** Apeejay Lines, in personam, and The M/V APJ KARAN, her engines, boilers, etc. in rem.

Civ. A. No. 92–6321.

United States District Court, E.D. Pennsylvania.

May 11, 1993.

Stanley P. Kops, Law Offices of Stanley P. Kops, Esquire, Philadelphia, PA, Harold Gordon, Kahn & Gordon, P.C., New York City, for plaintiffs.

William G. Downey, Clark, Ladner, Fortenbaugh & Young, Philadelphia, PA, for defendants.

## MEMORANDUM ORDER

KATZ, District Judge.

**AND NOW**, this 11th day of May, 1993, upon consideration of Motion to Dismiss of Claimant to the Res, Surrendra Overseas Limited, the response, the reply, and after a hearing, it is hereby **ORDERED** that the Motion is **DENIED**.

---

1. The Contract of Employment states "Disputes

## FORUM SELECTION CLAUSE

■ The forum selection clause in the minor plaintiff's father's employment contract does not bind the minor plaintiff in this case.[1] The contract in issue was between the minor plaintiff's father and the defendant. The only part of the contract dealing with families states: "Carriage of family and their messing costs will be as per company rules." This portion of the contract addresses only the seaman's family's meals and lodging. Tort liabilities or limitations are not contemplated by its terms.

The six-year-old minor plaintiff's father was a member of the ship's crew. The minor was aboard the ship as a member of her father's family. She was not an employee of the ship. The defendant has cited no cases, nor has this court found a case, where a seaman's family member's rights to recover in tort for injuries personally suffered while aboard a ship are limited by the seaman's employment contract. As contrasted to cases where forum selection clauses have been upheld, the contract in this case was not a freely negotiated international commercial transaction between two corporations. For this court to hold the injured minor plaintiff to the forum selection clause dealing with disputes in her father's employment contract would be unfair, unjust and unreasonable. *Cf. The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 17–18, 92 S.Ct. 1907, 1917, 32 L.Ed.2d 513 (1972); *Hodes v. S.N.C. Achille Lauro ed Altri–Gestione*, 858 F.2d 905, 909 n. 2 (3d Cir.1988), *cert. dismissed*, 490 U.S. 1001, 109 S.Ct. 1633, 104 L.Ed.2d 149 (1989).

At most, the contract is ambiguous and should be construed against the drafter.

## FORUM NON CONVENIENS

■ A district court is accorded "substantial flexibility in evaluating a *forum non conveniens* motion," because each case turns on its own unique facts. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529, 108 S.Ct. 1945, 1953, 100 L.Ed.2d 517 (1988); *see also Lony v. E.I. Du Pont de Nemours & Co. (Lony I)*, 886 F.2d 628, 631 (3d Cir.1989). However, the plaintiff's choice of forum should rarely be disturbed, unless the balance is strongly

if any are to be settled at Calcuttta [sic]."

in favor of the defendant. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). When a court decides whether to dismiss a case for *forum non conveniens* the ultimate inquiry is where the trial will "best serve the convenience of the parties and the ends of justice." *Lony I*, 886 F.2d at 632.

■ The court's analysis must begin by considering the availability of an adequate alternative forum and the amount of deference to be accorded the plaintiff's choice of forum. *Lony I*, 886 F.2d at 633. The court then may weigh the private and public interests relevant to the *forum non conveniens* inquiry. *Id.*

### Alternative Forum

■ The threshold inquiry in *forum non conveniens* is the availability of an adequate alternative forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 265 n. 22, 70 L.Ed.2d 419 (1981). If this case were to proceed in India, it would have to be instituted in Calcutta's High Court. Shroff Aff., p. 4. That court has only two Judge's assigned to handle cases of this type. *Id.* p. 7. At the end of 1986, this court had 156,447 pending cases. *Id.* p. 6. This case backlog has increased significantly since then. Galanter Aff. p. 17. Due to the case load in India, its Chief Justice went so far as to characterize their system as one "almost on the verge of collapse." Shroff Aff., p. 6 (quoting Chief Justice of India, P.N. Bhagwati (now retired)). Moreover, the Chief Justice stated that the long delays in the Indian court system results in "defeating justice in a quite a number of cases." *Id.* If this case is an "average" case, Calcutta's High Court would take 15–20 years to resolve it. Shroff Aff., p. 7. However, the case would also be subject to another three to six years of appeals after that. *Id.* I find that this is an average case which would probably not receive expedited treatment.

The Bhopal case, cited by the defendant for the proposition that the Indian court system is adequate, is distinguishable from the case at bar. In that case, the court found that the Indian forum was adequate because of special legislation passed by the Indian Government to deal with that disaster and because the American court assumed that the Indian courts would not treat this special case in the "ordinary fashion." *See In re Union Carbide Corp. Gas Plant Disaster*, 634 F.Supp. 842, 848 (S.D.N.Y.1986), *aff'd as modified*, 809 F.2d 195 (2d Cir.), *cert. denied*, 484 U.S. 871, 108 S.Ct. 199, 98 L.Ed.2d 150 (1987); *see also, Bi v. Union Carbide Chem. & Plastics Co.*, 984 F.2d 582, 586 (2d Cir.1993) ("We are deferring to the statute of a democratic country to resolve disputes created by a disaster of mass proportions that occurred within that country."). The Bhopal case was a unique mass disaster that occurred inside India. This case, however, is an ordinary maritime tort case that occurred on the High Seas.

The plaintiff in this case is now nine years old. The accident occurred over two years ago when she was still six. If this case were to proceed in the Indian court system it might not be resolved until she is an adult. This remedy is inadequate and unsatisfactory.[2] *See Dailey v. National Hockey League*, 987 F.2d 172, 178 (3d Cir.1993) (quoting *Piper Aircraft*, 454 U.S. at 254, 102 S.Ct. at 265). Therefore, dismissal of this case for *forum non conveniens* is inappropriate. *Piper Aircraft*, 454 U.S. at 254 n. 22, 102 S.Ct. at 265 n. 22.

### Deference to Plaintiff's Choice of Forum

■ Assuming that an adequate alternative forum did exist, a plaintiff's choice of forum normally is due considerable deference. *Lony v. E.I. Du Pont de Nemours & Co. (Lony II )*, 935 F.2d 604, 609 (3d Cir. 1991). A foreign plaintiff's choice is entitled to less deference than a domestic plaintiff's choice, because it is assumed that the forum is less convenient. *Id.*

The United States is a convenient forum for the plaintiff personally. On February 20, 1991, the plaintiff boarded the defendant's vessel in the United States. The accident occurred on March 17, 1991. The plaintiff has been in the United States since March 20, 1991. She has undergone four operations

---

**2.** "[J]ustice delayed is justice denied." *Burkett v.* *Cunningham*, 826 F.2d 1208, 1218 (3d Cir.1987).

here in the United States and plans to undergo a fifth later this year. The plaintiff attends elementary school here in the United States and has done so for the past two years. Parts of the plaintiff's family live here in the United States. The plaintiff lives with an aunt and uncle in New York. The plaintiff intends to reside in the United States until all medical treatment is completed. Moreover, the plaintiff seeks to remain permanently in the United States, if permitted.

The United States is also a convenient forum for the plaintiff's presentation of her case. The plaintiff's medical records and doctors are here in the United States. The plaintiff's teachers are also in the United States.

### Private Interest Factors

The relevant private interest factors this court must consider are:

> relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; ... and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained.

*Lony I*, 886 F.2d at 634–35 (quoting *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843).

The plaintiff's main witnesses and records are subject to compulsory process here in the United States. The plaintiff may not be able to compel, or afford to compel, the presence of medical and school witnesses in India. The defendant can produce the records of its ship. If any necessary witnesses or records will be unavailable at the time of trial, the parties may arrange for depositions beforehand. Conducting the trial in the United States would be more expeditious and less costly than conducting the trial in India.[3] A court in this country can evaluate the damage picture.

The defendant has engaged in previous litigation in the United States. Moreover,

the "res" in this case is technically here in the Eastern District. Therefore, the Pennsylvania forum chosen by the plaintiff is not oppressive and vexatious to the foreign defendant out of proportion to plaintiff's convenience. *See Piper Aircraft*, 454 U.S. at 241, 102 S.Ct. at 258.

Finally, if the plaintiff succeeds in obtaining a judgment, there is a Letter of Undertaking in the amount of $2,000,000, which is adequate to satisfy such a judgment, thus mooting any issue of *res judicata*. In any event, a judgment would act as *res judicata* in India, protecting the defendant from the risk of relitigation there.

The private interest factors weigh heavily against dismissal.

### Public Interest Factors

The public interest factors this court must consider including

> the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home;" the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Lony I*, 886 F.2d at 640 (quoting *Piper Aircraft*, 454 U.S. at 241 n. 6, 102 S.Ct. at 258 n. 6).

This action does not present substantial administrative difficulties. The relevant documents are in English and the main witnesses will probably testify in English. Since the accident in this case occurred on the High Seas this action has no true "home" where the case should be adjudicated. The accident occurred on-board an Indian flagged ship, but this ship left from an American port with the plaintiff who boarded the ship there. If this court must apply Indian law in this case, that law is within the mainstream of common law. Galanter Aff., p. 6. Moreover, the possible need to apply foreign law is not a

---

**3.** If defendant wishes to pursue an action against the Japanese manufacturer of the clear view screen or the shipbuilder, it can do so in any

court having jurisdiction over the Japanese corporations.

sufficient basis on its own to warrant dismissal when other relevant factors favor the plaintiff's choice of forum. *Piper*, 454 U.S. at 260 n. 29, 102 S.Ct. at 268 n. 29.

The defendant has not shown that public interest factors weigh heavily on the side of dismissal.

In light of the deference owed to the plaintiff's choice in this case, the defendant has failed to show that private and public interest factors weigh heavily on the side of dismissal. The defendant has failed to demonstrate that the plaintiff's choice of forum should be disturbed. The convenience of the parties and the ends of justice will be best served by trying this case here.