O.C. HARDEN, et al., Plaintiffs,

v.

AMERICAN AIRLINES,
et al., Defendants.

Civil Action No. 97–A–1058–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 25, 1998.

Jimmy L. DeBardelaben, DeBardelaben & Norwood, P.C., J. Paul Lowery, Montgomery, AL, for plaintiffs.

James A. Kee, Jr., Wallace, Jordan, Ratliff & Brandt, L.L.C., Birmingham, AL, for American Airlines.

Rodney E. Gould, Craig S. Harwood, Rubin, Hay & Gould, PC, Framingham, MA, Gregory D. Crosslin, Mindi C. Robinson, Crosslin, Slaten & O'Connor, P.C., Montgomery, AL, for Alabama World Travel,

Pamela Robinson Higgins, Webb & Eley, P.C., Gregory D. Crosslin, Montgomery, AL, Kelly G. Davidson, Nancy Davis & Associ-

ates, Auburn, AL, for American Hawaii Cruises.

## *MEMORANDUM OPINION*

ALBRITTON, Chief Judge.

This matter is before the court on two motions: a motion for summary judgment filed by defendant Alabama World Travel, Inc., and a motion to dismiss filed by American Hawaii Cruises, Inc. The suit arises from the purchase by Plaintiffs of a tour aboard an American Hawaii Cruise Ship, a tour which Plaintiffs thought would be a "thoroughbred race horse," but which allegedly turned out to be a "mule." *Plaintiffs' Brief in Opp. to Motion to Dismiss, at p.3.* Plaintiffs purchased the cruise through the defendant Alabama World Travel, a travel agency, in a complete travel package which included air fare aboard American Airlines. Plaintiffs were forced to miss two days of the cruise, however, when their flight aboard American was delayed, causing them to miss a connecting flight and suffer further delays. Because of these events, Plaintiffs have sued the travel agent who sold the trip, Alabama World Travel; the airline, American Airlines; and the cruise operator, American Hawaii Cruise Lines.

For the reasons discussed below, both motions are due to be GRANTED.

## I. *MOTION FOR SUMMARY JUDG-MENT BY TRAVEL AGENT.*

The travel agent in this case, Alabama World Travel, Inc., has moved for summary judgment on the grounds that it has no connection to the wrong which Plaintiffs alleged was done to them. Plaintiffs have largely agreed to this, although they have tried to sustain the claim with an additional legal argument. Plaintiffs' argument, however, does not hold water.

### *The Summary Judgment Standard.*

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. at 2553.

If the movant succeeds in demonstrating the absence of a material issue of fact, the burden shifts to the non-movant to establish, with evidence beyond the pleadings, that a genuine issue material to the non-movant's case exists. *See Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991); *see also* Fed.R.Civ.P. 56(e). A dispute of material fact "is 'genuine' ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If the non-movant's response consists of nothing more than conclusory allegations, the court must enter summary judgment for the movant. *See Peppers v. Coates,* 887 F.2d 1493 (11th Cir.1989).

### *Discussion.*

At the summary judgment stage, the facts in a case, when in dispute, are viewed in the light most favorable to the non-movant Plaintiffs. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14. In the present case, however, the Plaintiffs have chosen not to put facts in issue. Rather, they have largely agreed with Alabama World Travel that there are not material facts at issue.

Plaintiffs' response is somewhat curious, however. In Plaintiffs' brief filed in support of that statement: "Plaintiff agrees that Defendant "AWT" should be released in its individual capacity, but be retained in its capacity as agent for American Hawaii." [1]

---

1. To make matters more confusing, Plaintiffs' response, which the brief is meant to accompany,

contradicts the brief. In the response, Plaintiffs state that they "agree[] that Alabama World

The court is somewhat at sea as to the meaning of this statement. Since Plaintiff has submitted no evidence of any wrongdoing on the part of Alabama World Travel, the court takes the Plaintiffs' statement regarding "individual capacity"-along with the absence of any evidentiary submissions-to mean that Plaintiff cannot be shown to have done anything wrong. Alabama World Travel is, therefore, as Plaintiffs admit, due for summary judgment.

■■■ Plaintiffs attempt to retain Alabama World Travel as a defendant because it was acting as an agent for American Hawaii. Alabama World Travel did "admit" to being an agent of American Hawaii. However, that statement is of dubious accuracy. *See Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 551–52 (5th Cir.1959) (holding that travel agent was not agent of shipping co.). Further, this 'admission' would not bind the court, being a legal conclusion which affects the alleged principal as well. In any event, even if the travel agency was an agent for American Hawaii, that would be of no legal consequence. A party who simply "acts in the capacity of an agent for a disclosed principal is not liable for claims arising out of a contract executed by the agent on behalf of his principal." *Lake City Stevedores, Inc. v. East–West Shipping Agencies, Inc.*, 474 F.2d 1060, 1063 (5th Cir.1973); *see also Seguros Banvenez, S.A. v. S/S Oliver Drescher*, 761 F.2d 855, 860 (2nd Cir.1985) ("When an agent makes a contract for a disclosed principal," the agent "becomes neither a party to the contract nor liable for the performance of the contract."). The agent "simply is not liable if the contract is breached." *Seguros Banvenez*, 761 F.2d at 860. Further, if Alabama World Travel committed a tort, and it did so in its agency capacity, then the principal would be liable. *See* 3 Am.Jur.2d *Agency* § ("It is a fundamental rule underlying the structure of agency law that the principal is bound by, and liable for, the acts which his agent does with or within the actual or apparent authority form the principal, and within the scope of the agent's employment,

or which the principal ratifies"). If Plaintiffs only seek to hold American Hawaii liable, there would be no need to retain Alabama World Travel as a defendant. And, as stated earlier, Plaintiffs have submitted no evidence of wrongdoing by Alabama World Travel, itself, which would give rise to liability on its part.

### Conclusion.

Plaintiffs in this case have not come forward with any evidence of a wrong committed by Alabama World Travel. Alabama World Travel cannot be held liable, or retained in this case, simply because they sold a trip with which the Plaintiffs were unsatisfied. Travel agents do not exist to warrant the safety or reliability of the trips that they sell. *See Lavine v. General Mills, Inc.*, 519 F.Supp. 332, 337 (N.D.Ga.1981) (stating that cases reflect a "plain trend . . . refus[ing] to impose liability upon travel agents for injuries [of travelers] regardless of the theory advanced"). Summary judgment is due to be granted in full to Alabama World Travel, Inc.

## II. MOTION TO DISMISS BY AMERICAN HAWAII CRUISES.

Defendants American Hawaii Cruises have moved to dismiss this suit on the basis of a forum selection clause. This argument is also due to be GRANTED.

### The Standard.

■■ The Federal Rules of Civil Procedure provide that a defendant may challenge the propriety of the venue selected by Plaintiff by filing a motion to dismiss on the ground of improper venue. *See* Fed. R. Civ. Proc. 12(b)(3). The evaluation of such a motion involves issues of fact which must be resolved by a limited evidentiary submissions. *See, e.g., Jet Charter Serv., Inc. v. Koeck*, 907 F.2d 1110, 1112 (11th Cir.1990) (discussing evidentiary submissions in challenge to jurisdiction), cert. den., 499 U.S. 937, 111 S.Ct. 1390, 113 L.Ed.2d 447 (1991). The present case involves a forum selection clause, which

Travel, Inc. is due to be dismissed in said litigation as an Agent for Defendant Great Hawaiian Properties d/b/a American Hawaiian Cruises." The court takes this to be just another affirmation that Plaintiffs have no evidence to offer which is contradictory to the position taken by Defendant Alabama World Travel.

under federal admiralty law is " 'prima facie valid.' " *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 589, 111 S.Ct. 1522, 1525, 113 L.Ed.2d 622 (1991). A federal district court sitting in admiralty should follow the doctrine that forum selection clauses "should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

### The Facts.

Prior to rendering payment for this trip, Plaintiffs were given an invoice and confirmation. The **"TERMS AND CONDITIONS OF PASSAGE"** as stated on that invoice, warned passengers of their applicability:

> PASSENGERS ARE ADVISED TO READ THESE TERMS AND CONDITIONS. THIS IS A LEGALLY BINDING AGREEMENT BETWEEN YOU AND AMERICAN HAWAII CRUISES.

Included for the Plaintiffs' benefit at the time of payment was paragraph 11, which reads in pertinent part:

> **11. TIME LIMITATION; NOTICE OF CLAIMS AND SUITS; JURISDICTION....**
>
> *Jurisdiction....* Any lawsuit arising out of or in any matter relating to the Cruise, including but not limited to lawsuits for loss of or damage to personal property, personal injury or death, must be brought and litigated, if at all, before a court located in the State of Hawaii, to the exclusion of the courts of any other country or located in any other state of the United States.

After the Plaintiffs paid for the trip, they were presented with a ticket. On the front of that ticket was a statement that

> By accepting passage the passenger acknowledges that he/she has read the Terms and Conditions of Passage on the reverse side of this ticket and, the Carrier's Brochure and the Invoice Confirmation, and knowingly accepts such Terms and Conditions.

On the reverse side of that contract, there was a jurisdiction selection clause, exactly parroting that of the invoice/confirmation.

### Supreme Court Precedent.

█ Precedent from the Supreme Court directly addresses the applicability of this forum selection clause. In *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), the Supreme Court enforced a form forum selection clause printed on a cruise ticket, and held that it was reasonable. The particular forum clause at issue was strikingly similar to the present: (1) it was printed on the back of the ticket (which was not furnished to the Plaintiffs until after payment); (2) it applied to "all disputes and matters whatsoever arising under, in connection with or incident to this Contract;" and (3) it chose a forum several thousand miles away from the Plaintiffs' home. *Id.* at 587–88, 111 S.Ct. at 1524–25. The Court held that the clause met with fundamental fairness, because of its connection to the Defendants' principal place of business, and the lack of any evidence of fraud or bad faith. *Id.* at 595, 111 S.Ct. at 1528. Further, the Court noted that such clauses would be permissible in similar instances for a number of reasons:

> First, a cruise line has a special interest in limiting the fora in which it potentially could be subject to suit. Because a cruise ship typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could subject the cruise line to litigation in several different fora. Additionally, a clause establishing ex ante the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions. Finally, it stands to reason that passengers who purchase tickets containing a forum clause ... benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued.

*Id.* at 593–94, 111 S.Ct. at 1527 (internal citations omitted).

In the present case, American Hawaii would have the same reasons as Carnival to anchor all suits against it in a particular forum. In addition, the manner in which American Hawaii went about choosing a forum closely parallels Carnival's actions. The clause in the Plaintiffs' contract applies to all matters "arising out of or in any matter relating to the Cruise." The clause was printed on the ticket, referenced on the front of the ticket, and even was furnished at an earlier time on the invoice. Further, the forum actually chosen is reasonably related to American Hawaii's principal place of business, the place that the Plaintiffs chose, indeed wanted, to visit.[2] Finally, there is no evidence presented that the choice of forum results from overreaching or fraud.

Plaintiffs' argument that their damages occurred before they ever boarded the ship is unavailing. This is still a "lawsuit arising out of or in any matter related to the Cruise," and, as such, is subject to the forum selection clause.

***Plaintiffs' Other Arguments.***

Plaintiffs' objections to the clause center on a few facts dealing with the communication of the forum selection. Plaintiffs argue against the clause being printed on the back of the ticket. That was, of course, the same fact that the Supreme Court confronted, so it would be difficult to call that a problem. *Id.* at 587, 111 S.Ct. at 1524; *compare id.* at 590, 111 S.Ct. at 1525 (plaintiffs "essentially have conceded that they had notice of the forum clause before entering the contract for passage"). In any event, the evidence shows that Plaintiffs received the clause before the date of receipt for the ticket-it was printed on the invoice furnished to them over two months before the trip as well.

■ Second, Plaintiffs argue that one Plaintiff failed to sign the ticket. This is irrelevant. The clause on the ticket took force with use of the ticket, not with the

signature. In any event, the lack of a signature proves little. Other courts have uniformly held that passengers are bound by provisions printed on a ticket, even though the passenger did not actually read those provisions. *See Nash v. Kloster Cruise A/S*, 901 F.2d 1565 (11th Cir.1990) (holding that limitations provisions included in ticket pack would be enforced "if the cruise ticket provided the passenger with reasonably adequate notice that the limit existed and formed part of the passenger contract;" even if plaintiffs did not read beforehand, should be expected to read after injury); *Kendall v. American Hawaii Cruises*, 704 F.Supp. 1010, 1016 (D.Haw.1989) ("It is misleading to focus on whether [plaintiffs] actually read the contract; rather the proper focus is on whether [they] had the opportunity to read it"); *Osborn v. Princess Tours, Inc.*, 1996 WL 364724, *3 (C.D.Cal.1996) ("courts have uniformly held that the passenger is bound by the limitations clause even though the passenger may not have read the contract" printed on the ticket). The Plaintiff who failed to sign the ticket would still be bound by it, because he accepted passage on the ship.

■ Plaintiffs also argue that the two minors, who were also passengers and signed their tickets, cannot be bound by the forum selection clause. The court notes that this matter is somewhat troubling factually, given that the minors' parent apparently paid for the trip and accepted it for them at some point. In any event, Plaintiffs could not raise this issue given that they have already sued to recover on the contract. A contract signed by a minor is only voidable. *See* 42 Am.Jur.2d *Infants* § 58. If the minor chooses benefits under the contract, he may not avoid his obligations thereunder. *See* 42 Am. Jur.2d *Infants* § 61 ("An infant who asserts contractual rights is bound by reciprocal obligations.")..

---

2. Plaintiffs cannot argue that American Hawaii is being unreasonable in limiting venue to Hawaii. After all, "American Hawaii is in the business of providing cruises, typically seven days in duration, departing and returning exclusively from ports in the State of Hawaii." It "has offices only in Honolulu, Hawaii, Chicago, Illinois, and

New Orleans, Louisiana," and "is not qualified to do business in Alabama." Further, "American Hawaii has no offices, agents, employees, bank accounts, telephone listings or property in Alabama." *See Affid. of Jordan Allen (V.P. & Gen'l Counsel, American Hawaii).*

*Conclusion.*

In sum, there is no reason presented by Plaintiffs to defeat the functioning of this forum selection clause. It is a difficult burden to defeat such a clause, given its prima-facie validity, *Shute,* 499 U.S. at 589, 111 S.Ct. at 1525, and the " 'heavy burden of proof' required to set aside the clause on grounds of inconvenience," *id.* at 595, 111 S.Ct. at 1528. Plaintiffs in this case have not met any burden, or given any just reason not to bind them to their agreement.

Forum selection clauses have been enforced in similar circumstances in other courts. *See Miller v. Regency Maritime Corp.,* 824 F.Supp. 200 (N.D.Fla.1992) (transferring case because of forum selection clause printed on ticket); *Monteville v. M/V Enchanted Seas,* 1992 WL 752899 (E.D.La. 1996) (same); *Osborn v. Princess Tours, Inc.,* 1995 WL 686632 (S.D.Tex.1995) (same); *Coles v. Carnival Cruise Lines, Inc.,* 1995 WL 573724 (Super.Ct.Conn.-Bridgeport, Sept. 18, 1995) (dismissing case). The court does not see just reason to distinguish the present suit. The motion to dismiss is due to be granted.

### III. *CONCLUSION.*

The court will enter an order granting both the Motion for Summary Judgment filed by Alabama World Travel, and the Motion to Dismiss filed by American Hawaii Cruises. American Airlines is the only defendant which remains. The matter will be set down for a scheduling conference.

### *ORDER*

In accordance with the Memorandum Opinion issued today:

1. Defendant Alabama World Travel, Inc.'s Motion for Summary Judgment is GRANTED. Judgment is entered in favor of Alabama World Travel, Inc. and against the Plaintiffs.

2. Defendant American Hawaii Cruises' Motion to Dismiss is GRANTED. Great Hawaiian Properties Corporation, d/b/a American Hawaii Cruises, is DISMISSED as a Defendant.

3. American Airlines is the only remaining defendant.