# CIRCUIT COURT OF CHESTERFIELD COUNTY

Michael G. Bowen et al.

v.

Norwegian Cruise Line, Inc., et al.

June 13, 2000

BY JUDGE HERBERT C. GILL, JR.

The parties were before the Court on May 9, 2000, for a hearing on the defendant's motion to quash service and motion to dismiss. The Court took the matter under advisement to review the memoranda submitted by counsel, as well as the applicable case law.

A passenger ticket for an ocean voyage is governed by maritime law, rather than local state laws. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590 (1991). Choice-of-forum clauses are favored under the law and are therefore prima facie valid and enforceable. *M/S Bremen v. Zapta Off-Shore Company*, 407 U.S. 1, 10 (1972). Accordingly, the plaintiff has a heavy burden of proof in any attempt to overcome the presumption of enforceability. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991).

Defendant argues that the Choice of Forum Provision in the passenger contracts issued to the plaintiffs should be enforced, and as a result, this case should be dismissed. The passenger ticket contract issued by the defendant contains a choice-of-forum provision that reads as follows:

> This Contract shall be governed in all respects by the laws of the State of Florida and the laws of the United States of America. It is hereby agreed that any and all claims, disputes or controversies whatsoever arising from or in connection with this Contract and the transportation furnished hereunder shall be commenced, filed and litigated, if at all,

before a court of proper jurisdiction located in Dade County, Florida, U.S.A.

In the case of a form passage contract, such as the one at issue here, the forum selection clause must be scrutinized to determine if the agreement was a result of fraud or overreaching, and whether there has been a breach of "fundamental fairness," *Shute*, 499 U.S. at 595.

Plaintiffs argue that their accession to the forum selection clause was not freely obtained. They argue that by the time they received their passenger ticket contracts, the purchase price of the tickets was non-refundable, at least in part. Plaintiffs claim that they had no choice other than to accept the terms as they were presented. However, this does not constitute fraud or overreaching. The Supreme Court has held that the lack of free bargaining inherent in form contracts will not, by itself, invalidate a forum selection clause. *Shute*, 499 U.S. at 593.

Here, as in *Shute*, the defendant's principal place of business is Florida, and many of the cruises depart from and return to Florida. There is no indication that the defendants chose Florida as the dispute forum in order to discourage legitimate claims. See *Shute*, 499 U.S. at 596. The court finds that the plaintiffs have not met their burden, as these facts do not rise to the level of fraud and overreaching necessary to find a breach of fundamental fairness.

The Court must next determine whether the plaintiffs had adequate notice of the forum selection clause. Plaintiffs argue that they had no notice of the forum selection clause for two reasons. First, plaintiffs did not receive their Passenger Ticket Contracts until approximately 10 days prior to departure. Second, plaintiffs did not receive their Passenger Ticket Contracts until after they had paid for their vacations in full, and the vacation prices were non-refundable.

In *Hodes v. S.N.C. Achille Laura Ed Altri-Gestione*, the U. S. Court of Appeals for the Third Circuit held that a plaintiff had adequate notice of a forum selection clause contained in his cruise ticket where the cover of the ticket directed the passenger's attention to terms and conditions printed on the inside. The Court made this decision in spite of the fact that the passenger did not receive his ticket until immediately before boarding the ship. *Hodes v. S.N.C. Achille Laura Ed Altri-Gestione*, 858 F.2d 905 (3d Cir. 1988).

Here the plaintiffs received a Passenger Ticket Contract with a prominently placed warning that said "Important Notice." Defendant's exhibit A. This notice refers the passenger to a list of terms and conditions printed at the bottom and on the back of the ticket, one of which is the forum selection clause. Above the terms and conditions is a notice advising the passengers that

acceptance of this ticket constitutes an agreement to the terms and conditions listed. Plaintiffs concede that they received their tickets approximately ten days prior to the cruise. The Court holds that in light of all the circumstances, the Plaintiff had adequate notice of the forum selection clause.

Finally, the plaintiffs contend that because their damages occurred before the Passenger Ticket contract was used, the forum-selection clause does not apply to these claims. In *Harden v. American Airlines*, the U.S. District Court for the Middle Division of Alabama held that it was irrelevant that the plaintiff's damages were incurred prior to boarding the ship, due to a flight delay. The Court said that the case was still a "lawsuit arising out of or in any matter related to the Cruise, and as such, was subject to the forum selection clause." *Harden v. American Airlines*, 178 F.R.D. 583, 587 (1998). This Court follows the logic used in *Harden* and holds that the forum selection clause applies regardless of when the damages occurred.

Plaintiffs have also brought suit under the Virginia Consumer Protection Act and for unauthorized use of photographs. The Court finds that these causes of action also arise from or in connection with the cruise, as the forum selection clause at issue here is broadly worded to encompass all claims relating to the cruise contract. See *Harden v. American Airlines*, 178 F.R.D. 583, 587 (1998).

For all of the reasons stated herein, the Court finds that the choice-of-forum provision in the Passenger Ticket Contract is valid and enforceable. Accordingly, the defendant's motion to quash service and motion to dismiss are granted.