**Randy and Tina MORROW in their capacity as parents and natural guardians of Renee Morrow, a minor Plaintiffs,**

v.

**NORWEGIAN CRUISE LINE LIMITED t/a/d/b/a Norwegian Cruise Line, Defendant.**

No. CIV.A. 1:CV 02–0384.

United States District Court, M.D. Pennsylvania.

Oct. 21, 2002.

---

William P. Douglas, Douglas, Douglas & Douglas, Carlisle, PA, for Randy Morrow, Tina Morrow, in their capacity as parents and natural guardians of Renee Morrow, a minor, plaintiffs.

Robert S. Tintner, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for Norwegian Cruise Line Limited tdba Norwegian Cruise Line, defendant.

## MEMORANDUM AND ORDER

KANE, District Judge.

Before this Court is Defendant Norwegian Cruise Line's ("Norwegian") motion to transfer venue. The motion has been fully briefed and is ripe for disposition. For the reasons that follow, Norwegian's motion will be granted and the case will be transferred to the United States District Court for the Southern District of Florida.

### I. Background

On March 10, 2001, four year old Plaintiff Renee Morrow boarded the "Norwegian Wind," a cruise ship owned and operated by Defendant Norwegian, for a cruise departing from and returning to Miami, Florida. Sometime prior to boarding the ship, Plaintiff's parents purchased tickets for the family. These tickets included a passenger ticket contract with a forum selection clause. This clause required all lawsuits for injuries that occurred while on the cruise to be brought in Dade Country, Florida.

On March 11, 2001, Plaintiff was allegedly injured during the cruise when the ladder she was climbing detached and fell backwards. Plaintiff brought her negligence action in the District Court for the Middle District of Pennsylvania. Defendant sought to enforce the terms contained in the passenger ticket contract and filed this motion to transfer venue to the District Court for the Southern District of Florida, located in Dade County, Florida. Plaintiff counters Defendant's motion by arguing that she is not bound by the terms of her ticket because she was a minor at the time she entered the contract. Therefore, Plaintiff claims, the Middle District of Pennsylvania is a proper venue.

### II. Discussion

This Court must decided whether Plaintiff's minor status justifies voiding a contract provision otherwise favored by the Supreme Court. The Supreme Court has held that forum selection clauses in cruise ship passenger ticket contracts are valid and enforceable. *See Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 588–90, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Plaintiff does not dispute the validity of the forum selection clause for any reason other than the Plaintiff's minor status. (*See* Plaintiff's Reply Brief). This Court

has not found, nor have counsel for the parties offered, any Third Circuit or Supreme Court decision on whether minors are bound by the otherwise valid forum selection clauses of cruise ship ticket contracts. Courts in other circuits, however, have faced this issue.

For example, in *Igneri v. Carnival Corp.*, the United States District Court for the Eastern District of New York found a forum selection clause to be enforceable against a minor who was injured when he fell in the ship's restaurant. 1996 WL 68536 (E.D.N.Y.1996). With little explanation, the court stated: "[a] minor is not relieved from compliance with the lawful terms of a passage contract." *Id.* at *3 (citing *Leviathan v. United States*, 72 F.2d 286 (2nd Cir.1934)). In similar situations, other courts have held that a minor cannot accept the benefits under a contract and then seek to avoid the unfavorable obligations or consequences attached to those contractual benefits. *See, e.g., Harden v. American Airlines*, 178 F.R.D. 583, 587 (M.D.Ala.1998) (holding that a minor passenger could not escape the forum selection clause by voiding a contract after accepting the benefits of the contract). The United States District Court for the Central District of California, in *Paster v. Putney Student Travel*, held Plaintiff "can not accept the benefits of a contract and then seek to void it in an attempt to escape the consequences of a clause that does not suit her." *Paster v. Putney Student Travel, Inc.*, 1999 WL 1074120, *2 (C.D.Cal.1999). In *Paster*, the minor plaintiff sued the travel agency for an infection she developed as a result of unsanitary activities the students engaged in during the trip. *Id.* at *1. The court enforced the forum selection clause, reasoning that plaintiff, by tak-

ing the trip, had already accepted the benefits of the contract and was therefore bound by the terms of the contract. *Id.* at *2. Furthermore, Plaintiff's counsel has not cited any cases, and this Court has not found even one, where a court refused to enforce a forum selection clause solely because the plaintiff was a minor.[1]

In the instant case, Plaintiff boarded the Norwegian Wind with her family and took the cruise. Since Plaintiff can not give back, or in any way disgorge, the benefit of her contract, it would be inequitable to now release her from the obligations and consequences attached to that benefit. It is appropriate, therefore, to hold her to the rest of the bargain and enforce the forum selection agreement.

### III. Order

Accordingly, **IT IS ORDERED THAT**:

1.  Defendant Norwegian Cruise Line's Motion to Transfer Venue (Doc. No. 7) is **GRANTED**.

2.  The Clerk of Court shall transfer the case to the United States District Court for the Southern District of Florida, located in Dade County, Florida.

---

**1.** This case is distinguishable from *Bhatnagar v. Surrendra Overseas Limited,* where the court did not enforce a forum selection clause against a minor because the clause was con-

tained in her *father's* employment contract. 820 F.Supp. 958 (E.D.Pa.1993). Here, Plaintiff had her own contract with Defendant Norwegian.